IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER THAXTON,
     Petitioner,

vs.                       Case No.: 5:20cv3/TKW/EMT

JACKSON COUNTY CORRECTIONAL FACILITY,
     Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Christopher Thaxton ("Thaxton") filed this § 2241 action challenging the Jackson County Circuit Court's civil contempt orders in Case Nos. 2005-DR-241 and 2008-DR-355, finding him in contempt for failing to pay court-ordered child support and committing him to jail until he pays a purge amount of $7,000.00 (ECF No. 5 at 2–4). Thaxton apparently seeks release from incarceration.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). Upon consideration of the petition, it is apparent that this case should be summarily dismissed.

The general habeas statute dictates that a prisoner is entitled to federal habeas relief if "[h]e is in custody in violation of the Constitution or laws . . . of the United States."  *See* 28 U.S.C. § 2241(c)(3).   Generally, custody based on civil contempt meets the in-custody requirement for seeking federal habeas corpus review.  *See Duncan v. Walker*, 533 U.S. 167, 176, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

Notwithstanding, the *Younger* abstention doctrine requires a federal court in certain circumstances to abstain from interfering with ongoing state court proceedings.  *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (discussing *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). Abstention is not in order simply because a pending state-court proceeding involves the same subject matter.  *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 373, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989) ("[T]here is no doctrine that . . . pendency of state judicial proceedings excludes the federal courts.").   The Supreme Court has recognized, however, certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.  *See id.* at 368.

*Younger* exemplifies one class of cases in which federal-court abstention is required:   when there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.   Although *Younger* itself

involved a parallel, pending state criminal proceeding, the Supreme Court has extended abstention to particular state civil proceedings that are akin to criminal prosecutions or that implicate a State's interest in enforcing the order and judgments of its courts.  *See Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 134 S. Ct. 584, 187 L. Ed. 2d 505 (2013) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975) (state civil proceedings akin to criminal prosecutions) and *Pennzoil Co. v. Texaco Inc*., 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts)).  The Supreme Court catalogued the exceptional circumstances fitting within the *Younger* doctrine as the following: "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  *See Sprint Commc'ns, Inc.*, 571 U.S. at 73 (citing *New Orleans Pub. Serv., Inc.*, 491 U.S. at 367–68).

Here, Thaxton's case presents the second and third exceptional circumstances. In the similar case of *Juidice v. Vail*, 430 U.S. 327, 336 n.12, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977), the plaintiffs, who were held in contempt by state court judges for disobeying subpoenas to appear in supplemental proceedings brought by judgment creditors in an attempt to collect a judgment, brought a class action seeking

injunctive relief.   The Supreme Court held that a state's interest in the contempt process, through which it vindicates the regular operation of its judicial system, was of sufficiently great import to require application of the abstention doctrine.   430 U.S. at 335–36.

Indeed, the Eleventh Circuit applied *Younger* to the circumstance presented in the instant case.   *See Pompey v. Broward Cnty.*, 95 F.3d 1543 (11th Cir. 1996). In *Pompey*, the court held that when a habeas petitioner is obligated by court order to make continued periodic child-support payments and is subject, on an ongoing basis, to contempt proceedings for failure to make those payments, "there is a pending state court proceeding."   95 F.3d at 1548 n.6.   The court further held that the state's interest in "preserving the integrity of its contempt proceedings, as well as its domestic relations cases," is an important state interest.   *Id.* (internal quotation marks and citation omitted).   The Eleventh Circuit determined that the constitutional structure of federal and state governments counsels against a federal district court "arrogat[ing] to itself the role of overseer of [state] child support enforcement proceedings."   *Pompey*, 95 F.3d at 1550.[1]

---

[1] After discussing the problems that would arise if lower federal courts reviewed state domestic-relations rulings, the Eleventh Circuit stated,

> Those are some of the problems that would arise if the federal district court were to arrogate to itself the role of overseer of Broward County's child support

That being said, federal courts are not entirely barred from enjoining proceedings.  S*ee Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004).  The Supreme Court created exceptions to *Younger* abstention when "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."  *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 53–54).

Here, Thaxton has an adequate opportunity to raise constitutional challenges through the normal state process.[2]  And Thaxton has not alleged facts suggesting

---

enforcement proceedings.   Considerations of those problems vindicates the wisdom of the Framers in reserving to only one federal court, the Supreme Court, the authority to review state court proceedings.   Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings.   The state courts are courts of equal dignity with all of the federal "inferior courts"—to use the Framers' phrase—and state courts have the same duty to interpret and apply the United States Constitution as we do.   If the state courts err in that respect, the remedy lies in review by the Supreme Court, the same place a remedy may be found if we err.

*Pompey*, 95 F.3d at 1550.

[2] Florida law provides that at any time after a contemnor is incarcerated, the circuit court may review the contemnor's present ability to comply with the purge condition and the duration of incarceration and modify any prior orders.   *See*. Fla. Fam. L.R.P. Rule 12.615(f).   Florida law further allows for appeal of a domestic-relations contempt orders to the appropriate District Court of Appeal.   *See, e.g., St. Onge v. Carriero*, 252 So. 3d 1280 (Fla. 1st DCA 2018); *Crawford v. Dep't of Revenue*, 219 So. 3d 224 (Fla. 1st DCA 2017).

that any of the other exceptions to *Younger* abstention apply.   Therefore, this federal court should abstain from interfering with ongoing state court proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That the amended habeas petition (ECF No. 5) be **DISMISSED without prejudice** pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

2.     That the clerk be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this <u>6th</u> day of February 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**